DAVID N. WOLF (6688)
LAURA K. THOMPSON (6328)
ANDREW DYMEK (9277)
Assistant Utah Attorneys General
Utah Attorney General's Office
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@agutah.gov
E-mail: lathomps@utah.gov
E-mail: adymek@agutah.gov

*Counsel for Defendant State of Utah*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DISABILITY LAW CENTER, KATHERINE C., AND ANTHONY M.<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF UTAH, THE UTAH JUDICIAL COUNCIL, and the UTAH ADMINISTRATIVE OFFICE OF THE COURTS<br><br>Defendants. | **THE STATE OF UTAH'S EVIDENTIARY OBJECTION TO DECLARATION OF ADINA ZAHRADNIKOVA**<br><br><br>Case No. 2:17-CV-00748-RJS<br><br>Judge Robert J. Shelby |

Pursuant to DUCivR 7-1(b)(1)(B), the State of Utah submits the following Evidentiary Objections to the Declaration of Adina Zahradnikova (the "Declaration") (Doc. 8-2 ), as follows:

**A.** In paragraphs 12-14 of the Declaration, Ms. Zahraddnikova declares as follows:

> 12. A member of the DLC observed about 15 guardianships in late July or early August 2016.
>
> 13. Since the passing of H.B 101, a member of the DLC observed one guardianship where the petitioner was the proposed ward's parent.
>
> 14. In that guardianship, H.B. 101 was used to circumvent the requirement of counsel.

**OBJECTION:**

The States objects to the averments in paragraphs 12-14 on the grounds of lack of personal knowledge and hearsay. See, e.g., *Federal Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174-75 & n. 6 (10th Cir.1992); *Sapp v. FDIC*, 876 F. Supp. 249, 251 (D. Kan. 1995); Fed. R. Evid. 602. These paragraphs recount alleged observations of an unidentified "member of the DLC," not Ms. Zahradnikova.

Further, the State objects to paragraph 14 on the additional grounds that it is conclusory and not supported by any foundational facts. See *Garrett v. Hewlett–Packard Co.*, 305 F.3d 1210, 1213 (10th Cir.2002); *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir.1986); 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2949 (2d ed. 1995) ("Preliminary injunctions frequently are denied if the affidavits are too vague or conclusory to demonstrate a clear right to relief under Rule 65."). The averments in paragraph 14 are not supported by facts and information allowing the Court or the State to evaluate whether it was improper to not appoint counsel. There is no information provided concerning the type of guardianship sought; the condition of the proposed ward; whether the proposed ward requested counsel or opposed the petition; what other procedures (e.g., visitor) were used;

whether an evidentiary hearing was held; whether the probate court granted a guardianship and, if so, what limitations were placed on the guardianship; or whether any efforts were made to appeal or set aside the guardianship order.  There are likewise no averments in the Declaration identifying any alleged injury that resulted from not appointing counsel; explaining why or how the guardianship order was too restrictive or otherwise improper;  or describing what actions, if any, the Disability Law Center took to assist the proposed ward.  By not providing any identifying information about the proceeding alluded to in paragraph 14, Plaintiffs have denied the State the opportunity to attempt to discover any of these facts itself.  (Although two guardianship orders are attached to the Declaration, as Exhibits 7 and 8 thereto, it is unknown whether the orders relate to the proceeding referenced in paragraph 14 of the Declaration).

    **B.**  In paragraphs 16 of the Declaration, Ms. Zahradnikova declares:

> 16.    Having represented developmentally disabled and mentally ill clients and through familiarity with the guardianship process in Utah courts, the DLC foresees the risks that potential wards without counsel face in guardianship proceedings.  These risks include:
>
>     a.    A higher risk of a guardianship being imposed erroneously
>
>     b.    A higher risk of a full guardianship being employed, where a limited guardianship would suffice
>
>     c.    A higher risk that a limited guardianship imposed is more restrictive than necessary
>
>     d.    A higher risk that a potential ward cannot effectively communicate with the court his or her objections to the guardianship proposed, to the selection of the guardian, or the failure to require counsel.

**OBJECTIONS:**

    The averments in paragraph 16, including 16(a) – 16(d), concerning risks, are speculative opinions that lack foundation.  The State objects to these opinions on the ground that they are

conclusory and not supported by any data or admissible observations.  Fed. R. Evid. 702(a); *Atari Games Corp. v. Nintendo of America, Inc.*, 879 F.2d 1572, 1575 (Fed. Cir. 1990) (stating "a district court should be wary of issuing an injunction based solely upon allegations and conclusory affidavits submitted by plaintiff.").  Although H.B. 101 has been in effect for almost 15 months, and Ms. Zahradnikova estimates that approximately 300 guardians for adults are appointed each year, (Zahradnikova Decl. ¶ 11), Plaintiffs have not produced any evidence showing that guardianships are being imposed erroneously or with more restrictions than necessary as a result of H.B. 101, or evidence supporting any of the other concerns alluded to in paragraphs 16(a) – 16(d).

Further, in stating these opinions, Ms. Zahradnikova assumes, without foundation, that a court will not use other procedures (e.g., visitors) to minimize the concerns referenced in paragraphs 16(a) – 16(d).  However, Ms. Zahradnikova has not set forth facts showing that probate courts do not use other procedures when they do not appoint counsel.

DATED:  August 4, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ David N. Wolf
DAVID N. WOLF
LAURA K. THOMPSON
ANDREW DYMEK
Assistant Utah Attorneys General
*Counsel for Defendant State of Utah*