BRENT M. JOHNSON (5495)
General Counsel
NANCY J. SYLVESTER (14347)
Associate General Counsel
Administrative Office of the Courts
P.O. Box 140241
Salt Lake City, Utah 84114-0241
Tel: (801) 578-3800

*Counsel for Defendants Utah Judicial Council
and the Utah Administrative Office of the Courts*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DISABILITY LAW CENTER, KATHERINE C., and ANTHONY M.<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF UTAH, THE UTAH JUDICIAL COUNCIL, and the UTAH ADMINISTRATIVE OFFICE OF THE COURTS<br><br>Defendants. | **MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br><br>Case No. 2:17-CV-00748-RJS<br><br>Judge Robert J. Shelby<br>Magistrate Judge Warner |

The Utah Judicial Council and the Utah Administrative Office of the Courts, by and through counsel Brent M. Johnson and Nancy J. Sylvester of the Utah Administrative Office of the Courts, submit this Memorandum in Opposition to Plaintiffs' Motion for a Preliminary Injunction pursuant to Fed. R. Civ. P. 65 and DUCivR 7-1(b).

## INTRODUCTION

Plaintiffs' have failed to show how an injunction against the Utah Judicial Council

(Council) and the Utah Administrative Office of the Courts (AOC) would remedy their alleged injuries. Although Plaintiffs allege that the Council and the AOC implemented H.B. 101, they have not shown how each entities' providing administrative and operational support to the state's judges and the judiciary demonstrate that this implementation equates to the denial of counsel in guardianship cases.

In their motion to dismiss and memorandum in support, the AOC and Council demonstrated that this court lacks subject matter jurisdiction over them. The Council and the AOC joined the State in its arguments that plaintiffs' claims arise under state, not federal law, that plaintiffs lack standing, and that sovereign immunity applies. The Council and AOC also showed that Plaintiffs conflate implementation of H.B. 101 with application of the law in individual cases. Based on this lack of subject matter jurisdiction and Plaintiffs' failure to state a claim upon which relief may be granted, they have not demonstrated a likelihood of success on the merits: the fourth factor in the test for whether a preliminary injunction should issue.

The AOC and Council join the state in its arguments as to the second factor regarding irreparable harm. And as to the other two factors, public interest and equities, they also cut against an injunction. The public has an interest in maintaining the independence and impartiality of its judges and on balance the equities do not favor relief to Plaintiffs, but rather judgment in favor of the defendants.

### I.     LEGAL STANDARD FOR PRELIMINARY INJUNCTIONS

The AOC and Council join the State in its explanation of the legal standard for injunctions.

### II.    PLAINTIFFS FAILED TO DEMONSTRATE A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS AS TO ITS CLAIMS AGAINST THE AOC AND THE COUNCIL

Plaintiffs failed to demonstrate a likelihood of success as to the claims it asserted against the AOC and the Council. The AOC and the Council addressed those claims in their motion to dismiss and memorandum in support, and hereby incorporate it by reference. Because the Attorney General is charged with defending the laws of this state, the AOC and Council defer to the State with respect to addressing Plaintiffs' arguments challenging the constitutionality of H.B. 101.

### III.    PLAINTIFFS ARE NOT IRREPARABLY HARMED

The AOC and the Council join the State in its arguments as to irreparable harm.

### IV.    THE BALANCE OF EQUITIES AND PUBLIC INTEREST FACTORS ARE NOT IN PLAINTIFFS' FAVOR.

The balance of equities and public interest do not favor Plaintiffs. Plaintiffs claim that "Defendants stand to lose little…." (Motion for Preliminary Injunction at 11.) But the public stands to lose a lot when the independence and impartiality of its judges are called into question. As the AOC and Council noted in their motion, they are not responsible for implementing H.B. 101. They are solely responsible for enacting policies and procedures for the administration and operation of the state courts. And apart from some judicial education as to the language and effect of the law and the creation of a form, neither entity implemented anything with respect to H.B. 101. Moreover, implementation and application of the law are not synonymous and Plaintiffs appear to conflate the two terms. Only judges are charged with applying the law to a given set of facts and they are not free to pick and choose which laws they will apply. Moreover, to suggest that the AOC and Council should instruct judges to ignore H.B. 101 is repugnant to the notion of judicial independence. This law was implemented over a year ago when the

Governor signed it and nothing more remains to implement it, certainly not by the AOC or the Council. Although Plaintiffs are correct that "[t]he public has a robust interest in accurate determinations in all legal proceedings," this is not the proper forum for reiterating that principle for all of the reasons already stated herein and in Defendants' motion. As the State notes, "a blanket injunction does not serve the public interest when the question of whether a violation of a federal law has occurred depends on the facts of each case."

## CONCLUSION

Plaintiffs do not satisfy the four-factor test for preliminary injunctions. For that reason, this Court should deny Plaintiffs' request for a preliminary injunction.

Dated this 4th day of August, 2017.

/s/Nancy J. Sylvester
Counsel for Defendants the Administrative Office of the Courts and the Utah Judicial Council

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing document was delivered to the court's CM/ECF electronic filing system as follows on this 7th day of August, 2017; email service was sent on the 4th of August, 2017.

Alfred C. Pfeiffer, Jr. (pro hac vice)
Kyle A. Virgien (pro hac vic)
Dorottya Schranz (pro hac vice)
John H. Steinbach (pro hac vice)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California   94111-6538
Telephone:   415.391.0600
Facsimile:   415.395.8095
al.pfeiffer@lw.com
kyle.virgien@lw.com
dorey.schranz@lw.com
john.steinbach@lw.com

Claudia Center (pro hac vice)
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
39 Drumm Street
San Francisco, CA 94111
Telephone:   415.343.0762
Facsimile:   415.395.0950
ccenter@aclu.org

John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
AMERICAN CIVIL LIBERTIES UNION OF
UTAH FOUNDATION, INC.
355 N. 300 W.
Salt Lake City, Utah 84103
Telephone:   801.521.9862
Facsimile:   801.532.2850
aclu@acluutah.org
*Attorneys for Plaintiffs Disability Law Center, Katherine C., and Anthony M.*

DAVID N. WOLF (6688)
LAURA K. THOMPSON (6328)
ANDREW DYMEK (9277)
Assistant Utah Attorneys General
Utah Attorney General's Office
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@agutah.gov
E-mail: lathomps@agutah.gov
E-mail: adymek@agutah.gov
*Counsel for Defendant State of Utah*

/s/ Nancy J. Sylvester
Counsel for Defendants Utah Judicial Council and Utah Administrative Office of the Courts