# Guardianships
## *Bench Card*

## GUARDIANSHIPS

### Respondent's Attendance at Hearing Required

The respondent must attend the hearing unless there is clear and convincing evidence from a physician that:

- The respondent has fourth stage Alzheimer's disease;
- The respondent is in an extended coma, or
- The respondent has an intellectual disability with an intelligence quotient score under 25

Otherwise, the court must appoint a court visitor to investigate the ability of the respondent to appear. Utah Code § 75-5-303(5)(a).

### Incapacity

The petitioner must prove that the respondent is incapacitated by clear and convincing evidence. *In re Boyer*, 636 P.2d 1085 (Utah 1981).

The respondent *may* be examined by a physician appointed by the court who shall submit a report in writing to the court and *may* be interviewed by a visitor sent by the court. Utah Code §75-5-303 (4).

### Right to an attorney

The respondent has the right to an attorney of their choice. Utah Code §75-5-303(2).

If the respondent does not have counsel, the court must appoint one through the Guardianship Signature Program.

An attorney is not required if the court makes these findings under Utah Code §75-5-303(5)(d):

- The respondent is the biological or adopted child of the petitioner;
- The value of the respondent's estate does not exceed $20,000 as established by the petitioner's affidavit in accordance with Utah Code Section 75-3-1201;
- The respondent appears in court with the petitioner;
- The respondent is given the opportunity to communicate, to the extent possible, his or her acceptance of the appointment of petitioner, and
- The court is satisfied that counsel is not necessary to protect the respondent's interests.

If the court finds counsel is necessary, a second hearing will be required.

### Limited vs. Full Guardianship

The guardian's authority should be limited unless nothing less than a full guardianship is adequate. Utah Code §75-5-304.

### Continuing Jurisdiction

Court monitoring of guardians is required to ensure the welfare of incapacitated adults, identify abuses, and sanction guardians who demonstrate malfeasance. *See* NCSC, National Probate Court Standards (2013)

http://ncsc.contentdm.oclc.org/cdm/singleitem/collection/spcts/id/240/rec/5.

## COURT VISITOR PROGRAM

The volunteer Court Visitor Program can be used to protect vulnerable adults under guardianship, assist guardians, and inform judges' decisions.

Trained in law, nursing or social work, the visitor is a neutral party with no personal interest in the proceedings. Utah Code §75-5-308. Visitors provide the following services at no charge:

- Interview petitioner, respondent (in their home), respondent's care providers, and any other parties identified by the judge. Compile the facts and observations acquired during their appointment into a report for the court. Available in 1st, 2nd, 3rd, 4th & 5th districts.
- Conduct reviews of guardians' and conservators' reports for the court, interview guardians and conservators, and compile a report for the court identifying potential red flags of abuse, neglect or financial exploitation. Available in all judicial districts.
- Locate guardians with whom the court has lost contact, educate them on their responsibilities as guardians and establish a plan for them to submit overdue reports to the court within 30 days. Provide a report with updated contact information for the guardian as well as a summary of their conversation(s). Available in all judicial districts.

## CONSERVATORSHIPS

Many of the procedures in conservatorships are the same or similar. See Utah Code §§ 75-5-401 through 433 and https://www.utcourts.gov/resources/attorney/docs/GC_Bench_Book_Adult.pdf.

Counsel in conservatorships is not required but may be appointed. Utah Code §75-5-407.

Revised February 2017

# Utah State Courts

_____

Bench Book for Adult
Guardianship and Conservatorship

_____

_____



June 20, 2014

Revised June 29, 2017

## Bench Book for Adult Guardianship and Conservatorship

(1)    Summary of the process (Guardianship) ............................................................. 4

(2)    Nature of the office ............................................................................................... 5

(3)    Preparing for the hearing ...................................................................................... 6

   (a)    Guardianship............................................................................................... 6

   (b)    Conservatorship ........................................................................................ 10

(4)    The hearing ......................................................................................................... 13

(5)    Your decision ...................................................................................................... 13

   (a)    Guardianship............................................................................................. 13

   (b)    Conservatorship ........................................................................................ 15

(6)    Bond .................................................................................................................... 17

(7)    Reports ................................................................................................................ 17

   (a)    The reports are required (mostly)............................................................. 17

   (b)    Inventory of the protected person's property........................................... 17

   (c)    Annual status report ................................................................................. 17

   (d)    Annual financial accounting ..................................................................... 18

   (e)    Final accounting ....................................................................................... 18

(8)    Reviewing the reports; Monitoring the guardian or conservator ........................ 18

(9)    Risk Factors and Warning Signs........................................................................ 20

   (a)    Abuse ........................................................................................................ 20

   (b)    Neglect ...................................................................................................... 21

   (c)    Self neglect ............................................................................................... 22

   (d)    Sexual exploitation ................................................................................... 22

   (e)    Financial exploitation ............................................................................... 22

   (f)    Problem signs from the protected person................................................. 24

   (g)    Problem signs from the guardian and others ........................................... 24

(10)    Cannot locate the guardian or conservator........................................................ 25

(11)    Further proceedings ........................................................................................... 25

   (a)    Moving the protected person to a different residence .............................. 25

   (b)    Transferring a guardianship or conservatorship from one county to another .. 26

(c)    Asking for instructions, changes, sanctions ..................................................... 26

(d)    Right of Association .................................................................................... 26

(12)    Terminating the guardianship or conservatorship ............................................. 26

(a)    Transfer to another state............................................................................ 26

(b)    Upon request ............................................................................................ 27

(c)    Death of protected person.......................................................................... 27

(13)    Emergency guardianship; temporary guardianship and conservatorship ........... 28

(14)    Checklist to prepare for the hearing — Guardianship........................................ 29

(15)    Guardianship verdict form ........................................................................... 30

(16)    Checklist to prepare for the hearing — Conservatorship ................................... 32

(17)    Other resources........................................................................................... 34

**(1)    Summary of the process (Guardianship)**



**(2)      Nature of the office**

Anyone 18 or older has the right to make decisions based on his or her values and beliefs, even if others disagree with those decisions. Making decisions is an essential part of adult life. Every day we make decisions for ourselves and for those who depend on us. Decision making can be burdensome, even stressful at times, but few of us would willingly give up the right to make our own decisions. But the appointment of a guardian or conservator does just that — removes the right of a person to make his or her own decisions.

A **guardian of an adult** is a person or institution appointed by a court to make decisions about the personal well-being — residence, health care, nutrition, education, personal care, etc. — of an incapacitated adult, who is called a "protected person." "Incapacity" means that an adult's ability to:

- receive and evaluate information; or
- make and communicate decisions; or
- provide for necessities such as food, shelter, clothing, health care, or safety

is impaired to the extent that the person lacks the ability, even with appropriate technological assistance, to meet the essential requirements for financial protection or physical health, safety, or self-care. Incapacity is a judicial determination, and is measured by the person's functional limitations. Utah Code Section 75-1-201.

A **conservator of an adult** is a person or institution appointed by the court to make decisions about a protected person's estate. A person does not have to be incapacitated to have a conservator appointed. A conservator may be appointed if the respondent is unable to manage his or her property effectively and a conservator is needed:

- to prevent the respondent's property from being harmed; or
- to obtain or provide funds for the respondent's support or the support of those entitled to be supported by the respondent.

The protected person's estate includes all of his or her property, personal and business. Some examples are income (such as wages, an annuity, a pension, and Social Security or other government benefits), real property (buildings and land), and personal property (such as furniture, cash, bank accounts, certificates of deposit, stocks, bonds, motor vehicles, jewelry, tools, furs and art). A conservator must use reasonable care, skill and caution to manage and invest the estate to meet the protected person's needs over his or her expected life.

Under appropriate facts, the court might appoint a guardian or a conservator or both. The guardian and the conservator might be two different people, or they might be the same person. If there is no conservator, the guardian has some of the conservator's responsibilities.

If the protected person needs help in some but not all areas of decision making, the court should order a limited guardianship. A limited guardianship is preferred, and the

court should grant a full guardianship only if nothing else is adequate. A limited guardian has only those powers listed in the court order. The court can also limit the authority of a conservator.

## (3)    Preparing for the hearing

The Rules of Civil Procedure do not apply to uncontested guardianship matters until after "joinder of issue," presumably after an interested person objects to the appointment. URCP 81. The Rules of Civil Procedure also do not apply to uncontested "probate" matters, which is presumably broad enough to include conservatorship, even though conservatorship proceedings are not mentioned by name. But even after issues are "joined" the Rules of Civil Procedure do not provide a good fit because the probate model of litigation is substantially different from traditional civil litigation. Until joinder of issue, Title 75, Chapter 5, Protection of Persons Under Disability and Their Property governs the proceedings. The statutes will answer many but not all procedural questions. In some circumstances, judges should expect to take what lessons they can from the statutes and the rules to craft a fair process to fit the circumstances.

### (a) Guardianship

See also the form Checklist to Prepare for the Hearing at the end of this manual.

**Is venue correct?** The petition may be filed in any county in which the respondent resides or is present. Section 75-5-302.

**Does the respondent have a lawyer?** Section 75-5-303 requires that you appoint a lawyer for the respondent if the respondent does not have a lawyer. There are now lawyers on call through the Guardianship Signature Program, which is a partnership of the Utah State Bar and the courts. Your clerk will have the list of lawyers and will send an email out to the group if he or she notices in the guardianship petition that the respondent is unrepresented. The first lawyer to respond to the email will be assigned as counsel for the respondent. For more information, you may visit the Guardianship Signature Program webpage at http://www.utcourts.gov/howto/family/gc/signature/. You may also contact Nancy Sylvester, Associate General Counsel in the Administrative Office of the Courts, by emailing nancyjs@utcourts.gov or calling (801) 578-3808, or you may contact the Access to Justice Coordinator at the Utah State Bar by calling 801-297-7027 or emailing probono@utahbar.org.

Sometimes the petitioner's lawyer will recruit a lawyer to represent the respondent. Sometimes a lawyer will ghost-write pleadings and coach the petitioner, but appear as counsel for the respondent. It is uncertain whether these arrangements violate the Rules of Professional Conduct, but they may be too cozy for your liking. Consider appointing independent counsel for the respondent through the Guardianship Signature Program if you believe the respondent is not being adequately represented.

The role of the respondent's lawyer in guardianship proceedings is the same as for any other client — independent and zealous advocate. The respondent's lawyer does not serve in the role of guardian ad litem representing the respondent's best interests. The attorney is bound by Rule of Professional Conduct 1.14, Client with Diminished Capacity.

The fees for the respondent's appointed counsel and court costs are paid by the petitioner if you determine that the petition is without merit. Otherwise, the fees for the respondent's appointed counsel are paid by the respondent. If you appoint the petitioner or the petitioner's proposed guardian, the court costs and petitioner's reasonable attorney fees also are paid by the respondent. Nothing prevents the petitioner from proposing a guardian, but the guardian proposed by petitioner does not stand in the priority list of guardians other than as "any competent person" at the bottom of the list. Section 75-5-311.

**Is the respondent exempt from the appointment of a lawyer?**

In 2016, House Bill 101 was enacted to exempt—in some circumstances—adult child respondents from the requirement to have an attorney. The judge must make statutory findings before the counsel requirement is excused, though. Utah Code § 75-5-303(5)(d) provides that

> Counsel for the person alleged to be incapacitated, as defined in Subsection 75-1-201(22), is not required if:
>
> (i)    the person is the biological or adopted child of the petitioner;
>
> (ii)   the value of the person's entire estate does not exceed $20,000 as established by an affidavit of the petitioner in accordance with Section 75-3-1201;
>
> (iii)  the person appears in court with the petitioner;
>
> (iv)   the person is given the opportunity to communicate, to the extent possible, the person's acceptance of the appointment of petitioner; and
>
> (v)    the court is satisfied that counsel is not necessary in order to protect the interests of the person.

**Will the respondent attend the hearing?** Section 75-5-303 requires that the respondent attend the hearing except in a few circumstances.

**If not, has a visitor been assigned?** If it is proposed that the respondent not attend the hearing, either the petitioner must present clear and convincing evidence from a physician that the respondent:

- has fourth stage Alzheimer's disease;
- is in an extended coma; or
- has an intellectual disability with an IQ under 25,

Or you must order an investigation by a court visitor.

In Districts 1, 2, 3, 4, 5, and 7, contact the Coordinator for the Volunteer Court Visitor Program (email: visitor@utcourts.gov or see the court's webpage http://www.utcourts.gov/visitor/), and s/he will prepare an order assigning a volunteer court visitor. In other districts, you will have to assign someone "trained in law, nursing, or social work … with no personal interest in the proceedings." Section 75-5-308. There may be volunteer court visitors available to do interviews outside of the listed districts, but you will need to check with the Volunteer Court Visitor Program for availability.

**Have the respondent and all interested persons been properly served with a copy of the petition and notice of the hearing?** Section 75-5-309 requires that the respondent and interested persons be served with a copy of the petition and notice of hearing. The interested persons are:

- the respondent's spouse, parents and adult children;
- at least one of the respondent's closest adult relatives, if the respondent has no spouse, parents, or adult children or if they cannot be found;
- the respondent's guardian, conservator, caregiver and custodian;
- the person nominated as guardian by the respondent or by the respondent's parent, spouse, or caregiver;
- the respondent's heath care decision making agent;
- the respondent's agent under a power of attorney; and
- any other interested person.

The concept of "interested persons" is meant to be fluid and controlled by you in any given case. You can direct that others be considered interested persons under the definition of that term in Section 75-1-201.

Service on the respondent must be by personal service. Service on the respondent's spouse and parents must be by personal service if they are within the state. Section 75-5-309.

Service on the respondent's spouse and parents if they are not within the state and on all other persons is by the clerk mailing a copy of the petition and notice of hearing at least 10 days before the hearing. In addition, the clerk must post notice of the hearing in at least three public places in the county at least ten days before the hearing. Section 75-1-401.

**Does the respondent want to be examined by a physician or interviewed by a court visitor?** Section 75-5-303 permits the respondent to demand either or both. There are no physicians on call. In Districts 1, 2, 3, 4, 5, and 7, contact the Coordinator for the Volunteer Court Visitor Program (email: visitor@utcourts.gov or see the court's webpage http://www.utcourts.gov/visitor/), and s/he will prepare an order assigning a volunteer court visitor. In other districts, you will have to assign someone "trained in law, nursing, or social work … with no personal interest in the proceedings." Section 75-5-

308. There may be volunteer court visitors available to do interviews outside of the listed districts, but you will need to check with the Volunteer Court Visitor Program for availability.

**Do you want more information about the respondent's circumstances?** Section 75-5-303 permits you to direct an inquiry by a visitor into the respondent's circumstances. In Districts 1, 2, 3, 4, 5, and 7, contact the Coordinator for the Volunteer Court Visitor Program (email: visitor@utcourts.gov or see the court's webpage http://www.utcourts.gov/visitor/), and s/he will prepare an order assigning a volunteer court visitor. In other districts, you will have to assign someone "trained in law, nursing, or social work … with no personal interest in the proceedings." Section 75-5-308. There may be volunteer court visitors available to do interviews outside of the listed districts, but you will need to check with the Volunteer Court Visitor Program for availability.

**Is an interpreter needed?** Rule 3-306.04 requires that you appoint an interpreter for any person who is unable to understand or communicate in English. If an interpreter is needed, contact your court's interpreter coordinator.

**Are all of the required documents in the file?** The file should contain:

- petition to appoint;
- notice of hearing;
- list of persons to be served with petition and notice of hearing (If the petitioner uses court-approved forms, this is called "Schedule A.");
- proof of service under URCP 4 of petition and notice of hearing at least 10 days before the hearing on:
  - the respondent;
  - the respondent's spouse and parents if they are within Utah;
- certificate of service under Section 75-1-401 and URCP 5 of petition and notice of hearing at least 10 days before the hearing on:
  - the respondent's spouse and parents if they are not within Utah;
  - the respondent's adult children;
  - the respondent's closest adult relative if respondent has no spouse, parents, or adult children or if they cannot be found;
  - the respondent's guardian, conservator, caregiver and custodian;
  - the person nominated as guardian by the respondent or by the respondent's parent, spouse, or caregiver;
  - the respondent's heath care decision making agent;
  - the respondent's agent under a power of attorney; and
  - any other interested person.
- clerk's certificate of posting public notice at least 10 days before the hearing;
- physician's report or other statements or affidavits about respondent's incapacity and need for a guardian;
- other documents often filed with the petition, but not necessary until appointment:
  - completion of testing certificate, if required;

   o acceptance of appointment;
   o proposed findings of fact, conclusions of law and order;
   o letter of guardianship.

The file might contain:

- waivers of notice or consents to the appointment from interested persons who would otherwise have to be served;
- death certificates or other proof of the death of interested persons who would otherwise have to be served;
- documents authorizing and proving alternative service (If the people required to be served cannot be served as required either under URCP 4 or Section 75-1-401, then the petitioner must have them served by alternative means.);
- any written objections;
- nominations of a guardian;
- email to Signature Program attorneys;
- notice of appearance of counsel.

**Objections.** If no one objects and everything is in order, you may appoint the guardian at the hearing. If there is an objection, you may refer the case for mediation or set it for trial, at which time the petitioner will have to prove the claims made in the petition. If you refer a case for mediation, the respondent's lawyer should participate, since the respondent may not be able to participate on an equal basis with the interested persons.

### (b) Conservatorship

The procedures for the appointment of a conservator are similar to the procedures for the appointment of a guardian, but there are not as many protections for the respondent. Follow these procedures only if the petition is for the appointment of a conservator only. If the petition is for the appointment of a guardian and a conservator, follow the procedures in Section (3)(a).

See also the form Checklist to Prepare for the Hearing at the end of this manual.

**Is venue correct?** The petition must be filed in the county in which the respondent resides or, if the respondent does not reside in this state, in any county where s/he has property. Section 75-5-403.

**Does the respondent have a lawyer?** Section 75-5-407 permits you to appoint a lawyer for the respondent but does not require it. There are now lawyers on call through the Guardianship Signature Program, which is a partnership of the Utah State Bar and the courts. Your clerk will have the list of lawyers and can send an email out to the group if you determine that the respondent should be represented. The first lawyer to respond to the email will be assigned as counsel for the respondent. For more information, you may visit the Guardianship Signature Program webpage at http://www.utcourts.gov/howto/family/gc/signature/. You may also contact Nancy

Sylvester, Associate General Counsel in the Administrative Office of the Courts, by emailing nancyjs@utcourts.gov or calling (801) 578-3808, or you may contact the Access to Justice Coordinator at the Utah State Bar by calling 801-297-7027 or emailing probono@utahbar.org.

The role of the respondent's appointed counsel in conservatorship proceedings is that of a guardian ad litem representing the respondent's best interests. Section 75-5-407. The attorney is bound by Rule of Professional Conduct 1.14, Client with Diminished Capacity.

**Will the respondent attend the hearing?** There are no statutes on point. Presumably the respondent has the right to attend the hearing, but is not required to do so.

**Has anyone requested notice?** Section 75-5-406 permits any interested person to file a request for notice of the proceedings. The petitioner/conservator is required to give notice of any future proceedings to the person making the request.

**Have the respondent and all interested persons been properly served with notice of the hearing?** Service in a conservatorship proceeding is substantially different from service in a guardianship proceeding. Under Section 75-5-405 no one has to be served with a copy of the petition, only with notice of the hearing. Only the respondent and the respondent's spouse must be served. If the respondent does not have a spouse, the respondent's parents must be served. Any interested person requesting notice must also be served.

Service must be by personal service on the respondent and on the respondent's spouse and parents if they are within the state. Service on the respondent and respondent's spouse and parents if they are not within the state and on any interested person requesting notice is by the clerk mailing a copy of the notice of hearing at least 10 days before the hearing. In addition, the clerk must post notice of the hearing in at least three public places in the county at least ten days before the hearing. Section 75-5-405 and Section 75-1-401.

The concept of "interested persons" is meant to be fluid and controlled by you in any given case. You can direct that others be considered interested persons under the definition of that term in Section 75-1-201.

**Do you want more information about the respondent's circumstances?** Section 75-5-407 permits you to have the respondent examined by a physician or interviewed by a court visitor. There are no physicians on call. In Districts 1, 2, 3, 4, 5, and 7, contact the Coordinator for the Volunteer Court Visitor Program (email: visitor@utcourts.gov or see the court's webpage http://www.utcourts.gov/visitor/), and s/he will prepare an order assigning a volunteer court visitor. In other districts, you will have to assign someone "trained in law, nursing, or social work … with no personal interest in the proceedings." Section 75-5-308. There may be volunteer court visitors available to do interviews

outside of the listed districts, but you will need to check with the Volunteer Court Visitor Program for availability.

**Is an interpreter needed?** Rule 3-306.04 requires that you appoint an interpreter for any person who is unable to understand or communicate in English. If an interpreter is needed, contact your court's interpreter coordinator.

**Are all of the required documents in the file?** The file should contain:

- petition to appoint;
- notice of hearing;
- list of persons to be served with notice of hearing (If the petitioner uses court-approved forms, this is called "Schedule A.");
- proof of service under URCP 4 on the respondent if s/he is in Utah or certificate of service under Section 75-1-401 and URCP 5 if s/he is not in Utah;
- proof of service under URCP 4 on the respondent's spouse if s/he is in Utah or certificate of service under Section 75-1-401 and URCP 5 if s/he is not in Utah;
- proof of service under URCP 4 on the respondent's parents if the respondent is not married and if they are in Utah or certificate of service under Section 75-1-401 and URCP 5 if they are not in Utah;
- certificate of service under Section 75-1-401 and URCP 5 on any interested person requesting notice at least 10 days before the hearing;
- clerk's certificate of posting public notice at least 10 days before the hearing;
- physician's report or other statements or affidavits about respondent's incapacity, disability or other need for a conservator;
- other documents often filed with the petition, but not necessary until appointment:
  - completion of testing certificate, if required;
  - acceptance of appointment;
  - proposed findings of fact, conclusions of law and order;
  - letter of conservatorship.

The file might contain:

- waivers of notice or consents to the appointment from interested persons who would otherwise have to be served;
- death certificates or other proof of the death of interested persons who would otherwise have to be served;
- documents authorizing and proving alternative service (If the people required to be served cannot be served as required either under URCP 4 or Section 75-1-401, then the petitioner must have them served by alternative means.);
- any written objections;
- nominations of a conservator;
- email to Signature Program attorneys;
- notice of appearance of counsel.

**Objections.** If no one objects and everything is in order, you may appoint the conservator at the hearing. If there is an objection, you may refer the case for mediation or set it for trial, at which time the petitioner will have to prove the claims made in the petition. If you refer a case for mediation, try to make sure that the respondent's lawyer participates, since the respondent may not be able to participate on an equal basis with the interested persons.

## (4)     The hearing

Section 75-5-303 governs a lot of the steps leading up the hearing, and it is the only statute that comes close to governing the hearing itself, but there are not many directions. The respondent is entitled to a jury trial if requested. The statute also permits the respondent to request a closed hearing. The hearing is "on the issues of incapacity." The statute requires the respondent's presence and describes how to excuse the respondent. The statute describes the respondent's rights at the hearing, which include presenting evidence and cross-examining witnesses, so evidence at the hearing is anticipated. The hearing is considered a "formal proceeding," as that term is defined in Section 75-1-201, because it is held with notice to the interested persons. But, other than notice to interested persons, Section 75-1-201 does not describe what a formal proceeding consists of.

Beyond that, the statutes and rules give no guidance about what is supposed to happen at the hearing. What has evolved is in the nature of a consent calendar: If all of the procedural requirements have been met and if no one objects, the petition is usually granted. There is nothing improper about granting the petition if the procedural requirements have been met and no one objects, but be cautious. The interests of the interested persons do not necessarily align with the respondent's interests, and the respondent's attorney may not be adequately representing the respondent.

## (5)     Your decision

### (a) Guardianship

The respondent is entitled to a jury trial if requested. Section 75-5-303. Of course, as a practical matter, no one ever requests a jury trial, but, if the respondent does, consider using the Verdict Form in Section 13 to walk the jury through the statutory requirements for appointing a guardian. If the respondent does not request a jury trial, consider using the form for your deliberation after a bench trial. Even if no one objects to the appointment consider whether the petition and the proposed findings of fact are sufficient to support the necessary conclusions.

Foremost, the standard of proof is clear and convincing evidence, which means the evidence leaves no serious or substantial doubt about the truth of the matter to be proved. In re Boyer, 636 P.2d 1085 (Utah 1981).

The decision to appoint a guardian can be divided into four parts:

- Is the respondent incapacitated?
- Is the appointment of a guardian necessary or desirable as a means of providing the respondent with continuing care and supervision?
- What authority should the guardian have?
- Who should be the guardian?

Incapacity is measured by the respondent's functional limitations. What is s/he able to do? What is s/he not able to do? Incapacity means that the respondent's ability to:

- receive and evaluate information; or
- make and communicate decisions; or
- provide for necessities such as food, shelter, clothing, health care, or safety

is impaired to the extent that s/he lacks the ability, even with appropriate technological assistance, to meet the essential requirements for financial protection or physical health, safety, or self-care. Utah Code Section 75-1-201 and In re Boyer, 636 P.2d 1085 (Utah 1981).

If you have determined that the respondent is incapacitated, then you must "satisfy" yourself that the appointment is necessary or desirable as a means of providing the respondent with continuing care and supervision. Section 75-5-304.

You must then decide what authority to give to the guardian. Because incapacity is measured by functional limitations, the guardian should have authority to make decisions only in those areas in which the respondent cannot. Utah law prefers limited guardianships so that the protected person retains as much self-determination as possible. In order to give the guardian full authority, you must make a "specific" finding that nothing less than a full guardianship is adequate. Section 75-5-304.

If something less than a full guardianship is adequate to provide the respondent with continuing care and supervision, you will have to describe that authority in the order and in the letter of guardianship. Some common areas of needed authority are:

- medical or other professional care, counsel, treatment, or service;
- custody and residence;
- care, comfort, and maintenance;
- training and education; and
- clothing, furniture, vehicles, and other personal effects.

If the petition requests other or additional authority, you may of course consider and grant that authority, as appropriate. You may even grant to a guardian authority typically exercised by a conservator, although third parties are often reluctant to recognize the authority of a guardian to make property, business and money management decisions.

Finally, you must decide who should be the guardian. Section 75-5-311 establishes a priority for who should be appointed:

- a person nominated by the respondent;
- the respondent's spouse;
- the respondent's adult child;
- the respondent's parent;
- a person nominated by the respondent's deceased spouse;
- a person nominated by the respondent's deceased parent;
- any relative with whom the respondent has resided for more than six months before the petition is filed;
- a person nominated by the person who is caring for or paying benefits to the respondent;
- a specialized care professional;
- any competent person.

Anyone can nominate a guardian for oneself orally or in writing. Nominating a guardian in an advance health care directive is common. If the respondent has an advance health care directive that names an agent but does not nominate a guardian, the agent's decisions take precedence over those of the guardian unless the order appointing the guardian says otherwise. Section 75-2a-112.

Section 75-5-303 speaks of "the petitioner's nominee." The petitioner can propose that someone be appointed guardian, but the petitioner can nominate a guardian for the purpose of ranking in the priority list under Section 75-5-311 only if the petitioner is the respondent's parent or spouse or the person who has been caring for or paying benefits to the respondent. Technically, the nominee of the respondent's parent or spouse has ranking only if the parent or spouse has died, but you might give the nominee favorable consideration even if the parent or spouse is living.

Section 75-5-311 allows you to appoint someone with a lower priority if a person with a higher priority is disqualified or if you find good cause why that person should not serve as guardian.

### (b) Conservatorship

The decision to appoint a conservator is similar to the decision to appoint a guardian, but there are not as many protections for the respondent. Follow these procedures only if the petition is for the appointment of a conservator only. If the petition is for the appointment of a guardian and a conservator, follow the procedures in Section (5)(a).

The decision to appoint a conservator can be divided into four parts:

- Is the respondent is unable to effectively manage his or her property?
- Is the inability to effectively manage property caused by mental illness, mental deficiency, physical illness or disability, chronic use of drugs, chronic intoxication, confinement, detention by a foreign power, or disappearance or some similar cause?

- Is a conservator needed to prevent the respondent's property from being harmed? Or is a conservator needed to obtain or provide funds for the respondent's support or the support of those entitled to be supported by the respondent?
- Who should be the conservator?

Section 75-5-401.

Because the respondent's incapacity is not an issue, the standard of proof presumably is preponderance of the evidence.

The statutes give no guidance on what is ineffective property management.

A person does not have to be incapacitated in order to appoint a conservator. The only requirement is that the inability to manage property effectively be caused by one of the listed causes, one of which is "some similar cause."

The statutes give no guidance on the causal relationship between appointing a conservator and preventing harm to the respondent's property or obtaining or providing funds for support. However, if preventing harm to the respondent's property or obtaining or providing funds for support would be achieved by a person exercising the authority of a conservator, this element is probably proved.

Section 75-5-410 establishes a priority for who should be appointed. The list is somewhat different from the priority for appointment as guardian.

- a person already appointed by another court to care for the respondent's affairs;
- a person nominated in writing by another person already appointed by a court to care for the respondent's affairs;
- a person nominated by the respondent;
- the respondent's spouse or a person nominated in writing by the respondent's spouse;
- the respondent's adult child or a person nominated in writing by the respondent's adult child;
- the respondent's parent;
- a person nominated in the will of the respondent's deceased parent or someone chosen by the person nominated in the will;
- a relative with whom the respondent has resided for more than six months before the petition is filed, or someone nominated by that relative;
- a person nominated by whoever is caring for or paying benefits to the respondent;
- any competent person.

Note that in this list, except for the respondent's parents, the nominators do not have to have died in order for the nominee to be ranked among the others. Also note that the person nominated by a deceased parent can, in turn, nominate someone else but s/he

is the only nominee who has this discretion. Finally, the person caring for or paying benefits to the respondent has no ranking in the list, but that person's nominee does.

Section 75-5-410 allows you to appoint someone with a lower priority if you find good cause why a person with a higher priority should not serve as conservator.

**(6)    Bond**

Section 75-5-411 requires the conservator to file a bond unless the court waives the requirement upon a showing of good cause. The amount of the bond is the value of the property over which the conservator has unsupervised control plus one year's estimated income. Section 75-5-105 permits the court to require a bond of a guardian. Courts routinely waive the bond requirement, but there should be a statement in the order with direction one way or the other.

**(7)    Reports**

**(a) The reports are required (mostly)**

Not every guardian or conservator is required to report annually, but most are. Your judicial assistant can use CORIS to distinguish the requirements and monitor compliance. Support him or her in an effort to enforce compliance because bad things can happen when the court does not remain involved after a guardian or conservator has been appointed.

No inventory, annual status report, or annual financial accounting is necessary if the guardian or conservator is the parent of the adult protected person. Otherwise, Section 75-5-312 and Section 75-5-417 and Rule 6-501 require that the guardian and conservator of an adult file the reports. You can impose a $5,000 penalty if they:

- willfully fail to file a report;
- make a substantial misstatement in a report; or
- are guilty of gross impropriety in handling the protected person's property.

**(b) Inventory of the protected person's property**

Within 90 days after being appointed, the conservator — or the guardian if there is no conservator — must identify, locate and inventory the protected person's property and file the inventory. Section 75-5-418 and Rule 6-501.

**(c) Annual status report**

A guardian must report annually to the court about the protected person's care and status. Section 75-5-312. The report shows what and how the protected person is doing and alerts the court to changes and possible problems.

**(d) Annual financial accounting**

A conservator — or the guardian if there is no conservator — must annually account to the court for the protected person's estate. Section 75-5-312 and Section 75-5-417.

If the protected person's estate is limited to payments from a state or federal agency that requires an annual accounting, the guardian or conservator may file a copy of the agency's accounting form.

**(e) Final accounting**

The conservator — or the guardian if there is no conservator — must file a final accounting if:

- the guardian or conservator resigns or is removed;
- the protected person dies;
- the guardianship or conservatorship ends; or
- the court transfers the guardianship or conservatorship to another state.

The reporting period will be from the date of the most recently filed accounting to the date the guardianship or conservatorship ends. Section 75-5-419.

**(8)    Reviewing the reports; Monitoring the guardian or conservator**

Section 75-5-312 and Section 75-5-417 require the court to review and approve the reports. Although the statutes give no guidance about how thorough the review should be or what standards apply, consider this from the 2013 National Probate Court Standards:

> Standard 3.3.17 Monitoring
>
> Probate courts should monitor the well-being of the respondent and the status of the estate on an on-going basis, including, but not limited to:
>
> - Determining whether a less intrusive alternative may suffice.
>
> - Ensuring that plans, reports, inventories, and accountings are filed on time;
>
> - Reviewing promptly the contents of all plans, reports, inventories, and accountings.
>
> - Independently investigating the well-being of the respondent and the status of the estate, as needed.
>
> - Assuring the well-being of the respondent and the proper management of the estate, improving the performance of the guardian/conservator, and enforcing the terms of the guardianship/conservatorship order.

And this commentary to the Standard, citations omitted:

> Following appointment of a guardian or conservator, probate courts have an on-going responsibility to make certain that the respondent is receiving the services and care required, the estate is being managed appropriately, and the terms of the order remain consistent with the respondent's needs and condition. The review, evaluation, and auditing of the initial plans, inventories, and report and the annual reports and accountings filed by a guardian or conservator is the initial step in fulfilling this duty. Making certain that those documents are filed is a necessary precondition. … Probate courts should also have the capacity to investigate those situations in which guardian/conservators may be failing to meet their responsibilities under the order or exceeding the scope of their authority.

> A principal component of the review is to ensure that the guardian/conservator included all of the information required by the court in these reports. Probate courts should not permit conservators to file accountings that group expenses into broad categories, and should require that all vouchers, invoices, receipts, and statements be attached to the accounting to enable comparison. Prompt review of the guardian's or conservator's reports enables probate courts to take early action to correct abuses and issue a show cause order if the guardian/conservator has violated a provision of the original order.

Reviewing the reports is important. Your approval of an annual report adjudicates the conservator's liability for matters considered in connection with the report. Section 75-5-419. Although limited on its face to conservators, the principle probably applies to reports by guardians as well. Similarly, approval of the final accounting adjudicates all previously unsettled liabilities.

Perhaps more important, an incapacitated person is at risk of being abused, neglected and financially exploited. That harm might come from the guardian or conservator or from someone else because the guardian or conservator is not doing a good job of protecting the protected person. Indications of harm and risk of harm might be in the annual reports.

A volunteer court visitor can help to review reports for indications of problems. In all districts, you may contact the Coordinator for the Volunteer Court Visitor Program (email: visitor@utcourts.gov or see the court's webpage http://www.utcourts.gov/visitor/), and s/he will prepare an order assigning a volunteer court visitor.

In any district, with or without an objection to the report, you can schedule a hearing and personally interview the guardian or conservator, the protected person, and others in the protected person's life. CJA 6-501.

Ultimately, whether the conclusion is based on your review, your clerk's review, a visitor's review or a hearing, you should be satisfied that the guardian and conservator are performing their duties and exercising their authority and discretion in accordance with law and your orders. If they are not, sanctions against the guardian or conservator may be appropriate, or it may be appropriate to appoint a successor.

**(9)    Risk Factors and Warning Signs**

**(a) Abuse**

**Abuse means:**

- causing physical injury to the protected person;
- causing or attempting to cause harm to the protected person or placing the protected person in fear of imminent harm;
- using physical restraint, medication, or isolation that causes harm to the protected person and that conflicts with a physician's orders; or
- depriving the protected person of life-sustaining treatment, except with the protected person's informed consent or under the protected person's Advance Health Care Directive.

**Examples of abuse include:**

- physical abuse: striking (with or without an object), hitting, beating, pushing, shoving, shaking, slapping, kicking, pinching, and burning; inappropriate use of drugs and physical restraints; force-feeding; and physical punishment;
- sexual abuse: non-consensual sexual contact of any kind; unwanted touching; all types of sexual assault or battery, such as rape, sodomy, and coerced nudity; and
- emotional or psychological abuse: infliction of anguish, pain, or distress through verbal or nonverbal acts; verbal assaults, insults, threats, intimidation, humiliation, and harassment; treating the protected person like an infant; isolating the protected person from his or her family, friends, or regular activities; giving the protected person the "silent treatment;" and enforced social isolation.

**Signs of physical abuse include:**

- frequent use of the emergency room or hospital or frequent changes in health care providers
- injury from an implausible cause, contradictory explanations
- injury that has not been properly cared for
- pain upon touching
- bruises, black eyes, welts, cuts, burns, and rope marks
- sprains, dislocations, and internal injuries or bleeding
- injuries in various stages of healing
- presence of old and new bruises at the same time
- broken eyeglasses, signs of being punished, signs of being restrained
- eye problems, retinal detachment
- bone fractures and skull fractures

- overdose or under-utilization of prescribed medication

**Signs of sexual abuse include:**

- bruises around the breasts or genital area
- venereal disease or genital infections
- vaginal or anal bleeding
- torn, stained, or bloody underclothing

**(b) Neglect**

**Neglect means:**

- failure of a caretaker to provide nutrition, clothing, shelter, supervision, personal care, or dental or other health care, or failure to provide protection from health and safety hazards or failure to provide protection from maltreatment;
- failure of a caretaker to provide care that a reasonable person would provide;
- failure of a caretaker to carry out a prescribed treatment plan that results or could result in injury or harm;
- a pattern of conduct by a caretaker that deprives the protected person of food, water, medication, health care, shelter, cooling, heating, or other services necessary to maintain the protected person's well-being, without the protected person's informed consent; or
- abandonment by a caretaker.

**Examples of neglect include:**

- refusal or failure of the guardian to provide or pay for necessary care and life necessities, such as food, water, clothing, shelter, personal hygiene, medicine, comfort, personal safety, and other essentials; and
- abandonment.

**Signs of neglect include:**

- unattended or untreated health problems
- inadequate or inappropriate administration of medication
- lack of necessary medical aids, such as eyeglasses, hearing aids, dentures, walkers, canes, and bedside commodes
- bed sores and signs of confinement (tied to furniture, locked in a room)
- lack of food in the home
- dehydration, malnutrition, weight loss, pallor, sunken eyes or cheeks
- homelessness or grossly inadequate housing

- unsanitary living conditions and poor personal hygiene (for example, dirt, fleas or lice on person, insect bites, soiled clothing or bedding, fecal/urine smell, inadequate clothing)
- unsafe conditions in the home (improper wiring, inadequate plumbing, no heat or running water no railings on stairs, etc.)
- hoarding
- animals in feral conditions
- deserting the protected person at a hospital, nursing facility, shopping center or other location

### (c) Self neglect

Self neglect means the failure of a protected person to obtain for himself/herself food, water, medication, health care, shelter, cooling, heating, safety, or other services necessary to maintain one's own well being.

Self-neglect does not include a mentally competent person who, understanding the consequences, makes a conscious and voluntary decision to engage in acts that threaten his or her health or safety. Choice of lifestyle and living arrangements are not, by themselves, evidence of self-neglect. However, a protected person for whom a guardian has been appointed, being incapacitated, is not legally permitted to make these decisions. A guardian is obligated to protect a protected person from self neglect.

The signs of self neglect are similar to the signs of neglect. (See the list above.) The principal difference is that the protected person is denying himself or herself the care and necessities to maintain one's own well being.

### (d) Sexual exploitation

**Sexual exploitation means:**

- the protected person's guardian permits the protected person to be a part of vulnerable adult pornography.

**Examples of sexual exploitation include:**

- producing, viewing or possessing pornographic photos or videos of a vulnerable adult; and
- allowing the protected person to pose for pornographic photos or videos.

### (e) Financial exploitation

**Financial exploitation means:**

- improperly using the protected person's money, credit, property, power of attorney or guardianship for the benefit of someone other than the protected person.

**Examples of financial exploitation include:**

- cashing the protected person's checks without permission;
- forging the protected person's signature;
- misusing or stealing the protected person's money or possessions;
- coercing or deceiving the protected person into signing any document; and
- improperly using authority under a conservatorship, guardianship, or power of attorney.

**Signs of financial exploitation include:**

- large or frequent withdrawals of the protected person's money
- withdrawal for implausible reasons or with contradictory explanations
- withdrawals by a person accompanying the protected person
- withdrawals in spite of penalties
- increased activity on debit and credit cards
- unexplained disappearance of funds
- missing personal belongs, such as art, silverware, or jewelry
- co-mingling of funds: putting the protected person's money in the guardian's (or another's) bank account
- activity in bank accounts that is unusual for the protected person
- activity, events, and transactions unusual for the protected person or inconsistent with the protected person's ability
- change in account beneficiaries
- new authorized signers on accounts
- unexplained transfer of the protected person's assets to someone else
- recent change of title in the protected person's house or car
- new or refinanced loan
- paying for services that are not necessary
- unpaid or overdue bills
- lack of common amenities that the protected person can afford
- care or living arrangements not commensurate with what the protected person can afford
- the protected person's signature being forged
- a new person is involved in the protected person's life, with no logical reason for being there, such as
    - a new boyfriend or girlfriend much younger than the protected person
    - recent acquaintances expressing strong affection for the protected person

- previously uninvolved relatives claiming rights to the protected person's affairs and possessions
- abrupt change of the protected person's physician, lawyer, or accountant
- change in the protected person's will, power of attorney, trust, or other legal document
- promises of life-long care in exchange for all of protected person's money or property

**(f) Problem signs from the protected person**

The protected person may mention problems to you or to others. These reports need to be considered seriously.

- the protected person's report of being physically, sexually, verbally or emotionally abused or mistreated
- the protected person's report of being ignored, mistreated or abandoned
- the protected person's report of being a part of vulnerable adult pornography
- the protected person's report of financial exploitation

The protected person's sudden change in behavior might also indicate a problem of abuse, neglect or financial exploitation:

- fear, apprehension
- helplessness, resignation, withdrawal, depression
- non-responsive, reluctance to talk openly
- implausible stories, contradictory statements
- anger, denial, agitation, anxiety
- confusion
- confusion about financial transactions
- unusual behavior usually attributed to dementia (for example, aggressiveness, sucking, biting, rocking)

**(g) Problem signs from the guardian and others**

Key indicators of abuse, neglect and exploitation are described above. Those indicators focus on the protected person's actions and circumstances. There may also be signs of problems from the actions and circumstances of the guardian and others:

- the guardian isolates the protected person from friends and family
  - the guardian says the protected person is not willing or able to accept visits or calls
  - the guardian tells the protected person that no one wants to see him or her

- o the guardian often speaks for the protected person, even when the protected person is present
- o the guardian will not allow the protected person to participate in normal activities
- the guardian seems overly concerned about the protected person's finances
- the guardian is concerned that too much is spent on protected person's care
- the guardian has no means of support other than the protected person's income
- the guardian exhibits a lifestyle beyond of his or her means
- the guardian has problems with alcohol or drugs
- the guardian has been charged with or convicted of abuse, neglect or exploitation of someone other than the protected person
- the guardian blames the protected person (for example, accusation that incontinence is a deliberate act)
- the guardian exhibits aggressive behavior (anger, threats, insults, harassment), sexual behavior (flirtation, coyness), or indifference toward the protected person
- the guardian is unwilling or reluctant to comply with service providers in planning and implementing care
- the protected person's family give conflicting accounts of events

## (10)   Cannot locate the guardian or conservator

If it comes to your attention that the guardian or conservator has moved, try to re-establish contact immediately. The guardian and conservator are supposed to notify the court if they move, but they often do not do so. The most common scenario is that the guardian or conservator has failed to file an annual report, and the court's OSC has been returned as undeliverable, but there may be other circumstances.

If you cannot find the guardian or conservator, contact one of the coordinators for the Volunteer Court Visitor Program (email: visitor@utcourts.gov or see the court's webpage http://www.utcourts.gov/visitor/), and s/he will prepare an order assigning a volunteer court visitor to try to re-establish contact. This service is available for all districts.

## (11)   Further proceedings

### (a) Moving the protected person to a different residence

The guardian does not need the court's permission to move the protected person to another residence, even to another county within Utah, but the guardian and conservator must notify the court if they or the protected person moves.

### (b) Transferring a guardianship or conservatorship from one county to another

The guardian does need the court's permission to transfer the guardianship or conservatorship to another county. If it would be more convenient to report to the district court in a county other than the one that made the appointment, the guardian or conservator can file a motion to change venue. Section 75-5-302 and Section 75-5-403.

Moving the protected person to another residence within Utah, even if the residence is in a different county, is different from transferring the guardianship or conservatorship itself to another county. It is possible for the protected person to move without transferring the guardianship or conservatorship, and it is possible to transfer the guardianship or conservatorship without moving the protected person.

### (c) Asking for instructions, changes, sanctions

The guardian or conservator, the protected person, or someone interested in the protected person may file a petition or motion. Some possible circumstances:

- Most of the guardian's and conservator's decisions do not have to be approved by you, but there are some that do. Or the guardian or conservator might want the extra protection of having a particularly controversial decision approved by an independent authority.
- If the protected person's incapacity becomes better or worse, the guardian or conservator may need less or more authority than given in the previous order and letter of guardianship or letter of conservatorship.
- If the guardian or conservator has harmed the protected person, you can impose sanctions. The harm might have been physical, emotional or financial.

Section 75-5-307, Section 75-5-415, Section 75-5-426.

### (d)     Right of Association

In 2016, the legislature passed Senate Bill 111, which places limitations on the power of a guardian to prohibit association between an adult ward and a relative of the adult ward or certain other individuals; provides for proceedings to alter or enforce those limitations; and provides for the award of attorney fees and sanctions. *See* Utah Code §§ 75-5-312, 75-5-312.5

## (12)    Terminating the guardianship or conservatorship

### (a) Transfer to another state

To transfer a guardianship or conservatorship to another state, the guardian or conservator must petition the Utah district court for permission. Notice of the petition must be served on the persons who would be entitled to notice of a petition for the appointment of a guardian or conservator.

The Utah court may hold a hearing and will issue an order provisionally granting the petition to transfer if the court is satisfied that:

- the guardianship or conservatorship will be accepted by the other state;
- the protected person is present in or is reasonably expected to move permanently to the other state, or, if the proceeding is a conservatorship, the protected person has a significant connection to the other state;
- there is no objection to the transfer, or the objector has not established that the transfer would be contrary to the protected person's interests; and
- plans for the protected person in the other state are reasonable and sufficient, and arrangements for management of his or her property are adequate.

The order will direct the guardian or conservator to petition for guardianship or conservatorship in the other state. The Utah court will issue a final order confirming the transfer and terminating the Utah guardianship or conservatorship upon receipt of an order from the court of the other state accepting the proceeding and the documents required to terminate the Utah guardianship or conservatorship.

Section 75-5b-301.

Transferring a guardianship or conservatorship from another state into Utah is essentially the reverse of these procedures. Section 75-5b-302. Or the guardian or conservator from the other state can file a regular petition for appointment in this state.

### (b) Upon request

The protected person or anyone interested in the protected person's welfare may file a motion or letter asking that the court terminate the guardianship or conservatorship. Section 75-5-307 and Section 75-5-430. Anyone who knowingly interferes with this request may be guilty of contempt of court. Section 75-5-307.

If the order appointing the guardian specifies a minimum period of time during which no one is permitted to claim that the protected person is not incapacitated, the person who wants to file the motion or letter will first have to ask the court for permission to do so. The minimum period can be up to one year. Section 75-5-307.

If the appointment is of a guardian, the court will follow the same procedures as provided in Section 75-5-303. Since the protected person's incapacity is at issue, the court is required to appoint an attorney to represent the protected person. If the appointment is of a conservator, the court will follow the same procedures as provided in Section 75-5-407.

### (c) Death of protected person

If the protected person dies, the guardian or conservator must file a motion to terminate the guardianship and notify the interested persons. The motion to terminate should

include a copy of the death certificate. If a protected person dies, the conservator must also:

- deliver the protected person's will to the court and inform the executor or a beneficiary named in the will that s/he has done so;
- continue to pay the protected person's obligations and protect the estate from harm; and
- deliver the balance of the estate to the protected person's personal representative or to others who are entitled to it.

Section 75-5-425.

## (13)    Emergency guardianship; temporary guardianship and conservatorship

Under Section 75-5-310, the court may appoint an emergency guardian if:

- an emergency exists; and
- the respondent's welfare requires immediate action; and
- the respondent has no guardian or the guardian is not effectively performing their duties.

The appointment of an emergency guardian is not a determination of the respondent's incapacity. The appointment of an emergency guardian can be without notice to anyone. The order will designate a period of days (not to exceed 30 days) during which the emergency guardian has authority to make decisions on the respondent's behalf. The order might limit the areas in which the emergency guardian can make decisions.

Upon request by an interested person after the appointment of an emergency guardian, the court shall hold a hearing within 14 days and begin the process to determine the respondent's incapacity.

Under Utah Code Section 75-5-310.5, the court may appoint a temporary guardian, convert an emergency guardian to a temporary guardian, or appoint a different person as temporary guardian to replace the emergency guardian. Unless the respondent has already obtained counsel in this proceeding or an attorney has been already appointed for the person, the court shall appoint an attorney to represent the person in the proceeding.

Until a full hearing and further order of the court, the temporary guardian is responsible for the protected person's care and custody and must not permit the protected person to leave Utah. The authority of any previously appointed guardian is suspended so long as a temporary guardian has authority.

A temporary guardian may be removed at any time, and shall obey all orders and make any reports required by the court.

A temporary guardian has all of the powers and duties of a permanent guardian as set forth in Section 75-5-312.

There is no time limit set by statute for the duration of a temporary guardianship. You should consider setting a time limit for the temporary appointment and hold as soon as possible a full hearing to determine whether a permanent guardian should be appointed.

Under Utah Code Section 75-5-408(3), the court may appoint a temporary conservator to serve until further order of the court. A temporary conservator, if appointed, has all of the powers and duties of a conservator as set forth in Sections 75-5-417, 75-5-418, 75-5-419, and 75-5-424.

**(14)    Checklist to prepare for the hearing — Guardianship**

- ☐ Is venue correct?
  - ○ Yes
  - ○ No
- ☐ Will the respondent attend the hearing?
  - ○ Yes
  - ○ No
- ☐ If not, has a visitor been assigned?
  - ○ Yes (Has the report been filed?)
  - ○ No — Petitioner claims clear and convincing evidence from a physician that respondent has fourth stage Alzheimer's disease, extended coma, or an intellectual disability with an IQ of less than 25.
  - ○ No — Petitioner has **not** claimed clear and convincing evidence. (Assign court visitor.)
- ☐ Does the respondent have a lawyer?
  - ○ Yes
  - ○ No (Appoint lawyer.)
- ☐ Does the respondent want to be examined by a physician or interviewed by a court visitor?
  - ○ Yes (Assign physician or court visitor. Has the report been filed?)
  - ○ No
- ☐ Do you want more information about the respondent's circumstances?
  - ○ Yes (Assign court visitor. Has the report been filed?)
  - ○ No
- ☐ Is an interpreter needed?
  - ○ Yes — What language? _____. (Contact interpreter coordinator.)
  - ○ No
- ☐ Are all of the required documents in the file?

  The file should contain:
    - ☐ petition to appoint;
    - ☐ notice of hearing;
    - ☐ list of persons to be served with petition and notice of hearing (If the petitioner uses court-approved forms, this is called "Schedule A.");
    - ☐ proof of service under URCP 4 of petition and notice of hearing at least 10 days before the hearing on:

- o  the respondent;
- o  the respondent's spouse and parents if they are within Utah;
☐ certificate of service under Section 75-1-401 and URCP 5 of petition and notice of hearing at least 10 days before the hearing on:
  - o  the respondent's spouse and parents if they are not within Utah;
  - o  the respondent's adult children;
  - o  the respondent's closest adult relative if respondent has no spouse, parents, or adult children or if they cannot be found;
  - o  the respondent's guardian, conservator, caregiver and custodian;
  - o  the person nominated as guardian by the respondent or by the respondent's parent, spouse, or caregiver;
  - o  the respondent's heath care decision making agent;
  - o  the respondent's agent under a power of attorney; and
  - o  any other interested person.
☐ clerk's certificate of posting public notice at least 10 days before the hearing;
☐ physician's report or other statements or affidavits about respondent's incapacity and need for a guardian;
☐ other documents often filed with the petition, but not necessary until appointment:
  - o  completion of testing certificate, if required;
  - o  acceptance of appointment;
  - o  proposed findings of fact, conclusions of law and order;
  - o  letter of guardianship.

The file might contain:

☐ waivers of notice or consents to the appointment from interested persons who would otherwise have to be served;
☐ death certificates or other proof of the death of interested persons who would otherwise have to be served;
☐ documents authorizing and proving alternative service (If the people required to be served cannot be served as required either under URCP 4 or Section 75-1-401, then the petitioner must have them served by alternative means.);
☐ any written objections;
☐ nominations of a guardian;
☐ email to Signature Program attorneys;
☐ notice of appearance of counsel.

## (15)  Guardianship verdict form

The respondent is entitled to a jury trial if requested. Of course no one ever requests a jury trial, but, if the respondent does, consider using this verdict form to walk the jury through the statutory requirements for appointing a guardian. If the respondent does not request a jury trial, consider using the form for your deliberation after a bench trial. Even

if no one objects to the appointment consider whether the petition and the proposed findings of fact are sufficient to support the necessary conclusions.

Members of the jury:

Please answer the following questions in the order they are presented. If you find that the issue has been proved by clear and convincing evidence, answer "Yes," if not, answer "No." Clear and convincing evidence means the evidence leaves no serious or substantial doubt about the answer to the question.

At least six jurors must agree on the answer to all of the required questions, but they need not be the same six on each question. When six or more of you have agreed on the answer to each question that is required to be answered, your foreperson should sign and date the form and advise the bailiff that you have reached a verdict.

| | | |
|---|---|---|
| (1)      Is the respondent's ability to<br>• receive and evaluate information; or<br>• make and communicate decisions; or<br>• provide for necessities such as food, shelter, clothing, health care, or safety<br>impaired to the extent that the respondent lacks the ability, even with appropriate technological assistance, to meet the essential requirements for financial protection or physical health, safety, or self-care. | Yes  ☐ | No  ☐ |

If you answered all parts of (1) "No," proceed no further. Your foreperson should sign and date the form and advise the bailiff that you have reached a verdict. If you answered any part of (1) "Yes," proceed to (2).

| | | |
|---|---|---|
| (2)      Is the appointment of a guardian necessary or desirable as a means of providing the respondent with continuing care and supervision? | Yes  ☐ | No  ☐ |

If you answered (2) "No," proceed no further. Your foreperson should sign and date the form and advise the bailiff that you have reached a verdict. If you answered any of the causes "Yes," proceed to (3).

| | | |
|---|---|---|
| (3)      Remembering that Utah law prefers a limited guardianship and that incapacity is measured by functional limitations, is anything less than a full guardianship adequate to provide the respondent with continuing care and supervision? | Yes  ☐ | No  ☐ |

If you answered (3) "No," the judge will appoint a guardian who has the same powers, rights, and duties respecting the respondent that a parent has for that parent's minor child. Do not answer (4) and proceed to (5). If you answered (3) "Yes," proceed to (4) and (5).

| | | | | |
|---|---|---|---|---|
| (4)      What decision making authority should the guardian have to accommodate the respondent's functional limitations? | | | | |
| • medical or other professional care, counsel, treatment, or service | Yes ☐ | No ☐ |
| • custody and residence | Yes ☐ | No ☐ |
| • care, comfort, and maintenance | Yes ☐ | No ☐ |
| • training and education | Yes ☐ | No ☐ |

| | | | | | |
|---|---|---|---|---|---|
| • clothing, furniture, vehicles, and other personal effects | Yes | ☐ | No | ☐ |
| • other (describe) | Yes | ☐ | No | ☐ |

| | | | | |
|---|---|---|---|---|
| (5)        The petitioner proposes that _____ be appointed guardian. Utah law establishes the following priority for who should be appointed guardian:<br>• a person nominated by the respondent;<br>• the respondent's spouse;<br>• the respondent's adult child;<br>• the respondent's parent;<br>• a person nominated by the respondent's deceased spouse;<br>• a person nominated by the respondent's deceased parent;<br>• any relative with whom the respondent has resided for more than six months before the petition is filed;<br>• a person nominated by the person who is caring for or paying benefits to the respondent;<br>• a specialized care professional;<br>• any competent person. | | | | |
| (5)(a)   Is _____ the highest on this priority list? | Yes | ☐ | No | ☐ |
| (5)(b)   Are there good reasons to appoint _____ even though someone else is higher? | Yes | ☐ | No | ☐ |
| (5)(c)   Are there good reasons not to appoint _____ and to appoint someone lower on the list? | Yes | ☐ | No | ☐ |
| (5)(d)   If you answered (5)(c) "Yes," who should be appointed? | | | | |

If six or more of you have agreed on the answer to each question that is required to be answered, you are finished with your deliberations. Thank you for your service. Your foreperson should sign and date the form and advise the bailiff that you have reached a verdict.

## (16)    Checklist to prepare for the hearing — Conservatorship

The procedures for the appointment of a conservator are similar to the procedures for the appointment of a guardian, but there are not as many protections for the respondent. Follow these procedures only if the petition is for the appointment of a conservator only. If the petition is for the appointment of a guardian and a conservator, follow the procedures in Section (4)(a) and Section (5)(a) and see the checklist in Section (12).

☐ Is venue correct?
   ○ Yes
   ○ No
☐ Will the respondent attend the hearing?
   ○ Yes
   ○ No
☐ Does the respondent have a lawyer?
   ○ Yes

- o   No (Do you want to appoint a lawyer?)
- ☐   Does the respondent want to be examined by a physician or interviewed by a court visitor?
  - o   Yes (Assign physician or court visitor. Has the report been filed?)
  - o   No
- ☐   Do you want more information about the respondent's circumstances?
  - o   Yes (Assign court visitor. Has the report been filed?)
  - o   No
- ☐   Is an interpreter needed?
  - o   Yes — What language? _____. (Contact interpreter coordinator.)
  - o   No
- ☐   Are all of the required documents in the file?

The file should contain:

- ☐   petition to appoint;
- ☐   notice of hearing;
- ☐   list of persons to be served with notice of hearing (If the petitioner uses court-approved forms, this is called "Schedule A.");
- ☐   proof of service under URCP 4 on the respondent if s/he is in Utah or certificate of service under Section 75-1-401 and URCP 5 if s/he is not in Utah;
- ☐   proof of service under URCP 4 on the respondent's spouse if s/he is in Utah or certificate of service under Section 75-1-401 and URCP 5 if s/he is not in Utah;
- ☐   proof of service under URCP 4 on the respondent's parents if the respondent is not married and if they are in Utah or certificate of service under Section 75-1-401 or URCP 5 if they are not in Utah;
- ☐   certificate of service under Section 75-1-401 and URCP 5 on any interested person requesting notice at least 10 days before the hearing;
- ☐   clerk's certificate of posting public notice at least 10 days before the hearing;
- ☐   physician's report or other statements or affidavits about respondent's incapacity, disability or other need for a conservator;
- ☐   other documents often filed with the petition, but not necessary until appointment:
  - o   completion of testing certificate, if required;
  - o   acceptance of appointment;
  - o   proposed findings of fact, conclusions of law and order;
  - o   letter of conservatorship.

The file might contain:

- ☐   waivers of notice or consents to the appointment from interested persons who would otherwise have to be served;
- ☐   death certificates or other proof of the death of interested persons who would otherwise have to be served;
- ☐   documents authorizing and proving alternative service (If the people required to be served cannot be served as required either under URCP 4 or Section 75-1-401, then the petitioner must have them served by alternative means.);

☐   any written objections;
☐   nominations of a conservator;
☐   email to Signature Program attorneys;
☐   notice of appearance of counsel.
☐   Is an interpreter needed?
   ○   Yes — What language? _____. (Contact interpreter coordinator.)
   ○   No

## (17)   Other resources

- This bench book:
  http://www.utcourts.gov/intranet/dist/distjudge.htm#benchbooks

- Court's public webpage:
  http://www.utcourts.gov/howto/family/gc/

- Guardianship Signature Program
  http://www.utcourts.gov/howto/family/gc/signature/

- Volunteer Court Visitor Resources:
  http://www.utcourts.gov/visitor/resources/

- Judicial Determination of Capacity of Older Adults in Guardianship Proceedings: A Handbook for Judges:
  https://www.apa.org/pi/aging/resources/guides/judges-diminished.pdf

- 2013 National Probate Court Standards:
  http://ncsc.contentdm.oclc.org/cdm/ref/collection/spcts/id/240

- National Center for State Courts Guardianship/Conservatorship Resource Guide:
  http://www.ncsc.org/Topics/Children-Families-and-Elders/Guardianship-Conservatorship/Resource-Guide.aspx

- ABA Commission on Law & Aging:
  http://www.americanbar.org/groups/law_aging.html

- Center for Social Gerontology elder mediation & guardianship materials:
  www.tcsg.org

- National Guardianship Summit 2011:
  http://www.napsa-now.org/wp-content/uploads/2012/11/307.pdf