Alfred C. Pfeiffer, Jr. (*pro hac vice*)
Kyle A. Virgien (*pro hac vice*)
Dorottya Schranz (*pro hac vice*)
John H. Steinbach (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Telephone: 415.391.0600
Facsimile: 415.395.8095
al.pfeiffer@lw.com
kyle.virgien@lw.com
dorey.schranz@lw.com
john.steinbach@lw.com

John Mejia (Bar No. 13965)
Leah Farrell (Bar No. 13696)
AMERICAN CIVIL LIBERTIES UNION OF
UTAH FOUNDATION, INC.
355 N. 300 W.
Salt Lake City, Utah 84103
Telephone: 801.521.9862
Facsimile: 801.532.2850
aclu@acluutah.org

Claudia Center (*pro hac vice*)
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
39 Drumm Street
San Francisco, CA 94111
Telephone: 415.343.0762
Facsimile: 415.395.0950
ccenter@aclu.org

*Attorneys for Plaintiffs Disability Law Center,
Katherine C., and Anthony M.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Disability Law Center, Katherine C., and Anthony M.<br><br>        Plaintiffs,<br><br>v.<br><br>The State of Utah, the Utah Judicial Council, and the Utah Administrative Office of the Courts<br><br>        Defendants. | Case No. 2:17-cv-00748-RJS-PMW<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT STATE OF UTAH'S MOTION FOR LEAVE TO SUPPLEMENT THE PRELIMINARY INJUNCTION RECORD**<br><br>Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

## INTRODUCTION

Three weeks after the Plaintiffs filed their reply brief in support of their motion for a preliminary injunction, Utah moved this Court to consider two new pieces of evidence: (1) a 2013 National Probate Court Standard and (2) statements made by Senator Thatcher during legislative hearings on H.B. 101.  Motion for Leave to Supplement Preliminary Injunction Record ("Utah Mot.") (Doc. 64) at 3-4.  This Court should deny Utah's request: this evidence lacks relevance to the issues on the Plaintiffs' motion for a preliminary injunction and comes too late.  In the alternative, if the Court admits Utah's "2013 National Probate Court Standards" evidence, it should admit the full section attached as Virgien Decl. Ex. A  as opposed to the selectively excerpted version Utah attached to its motion as Abdullahi Decl. Ex. A.

## ARGUMENT

**A.     Utah's Motion Should Be Denied Because the Evidence Will not Materially Aid the Court and Is Untimely.**

**1.     The Evidence Utah Proffers Is Irrelevant.**

The Court should decline Utah's request to supplement the record because it seeks to add irrelevant evidence.  District Courts in this Circuit reject requests to supplement the record on a motion for a preliminary injunction when the new information would not "materially assist the Court in its identification and analysis."  *Village of Logan v. United States Dep't of the Interior*, No. 12-CV-401 WJ/LFG, 2013 WL 12151936, at *1 (D.N.M. April 16, 2013).  Such is the case here.

Utah argues that a 2013 National Probate Standard is relevant to rebut an argument about the support for appointed counsel that Plaintiff DLC made, not in its motion, but in a letter it sent to Governor Herbert in March of 2016 (Doc. 8-3). Utah Mot. at 4. The Plaintiffs attached this letter to their motion to prove a separate point—Utah's notice of its statutory and constitutional violations—but that does not convert the DLC's argument in that letter into an argument for a preliminary injunction in this case. Hence, the 2013 Probate Court Standard at issue has no tendency to prove or disprove a fact *of consequence in determining the action*, *see* Fed. R. Evid. 401,[1] or to materially aid the Court in its determination. The Court should thus deny Utah's request as to the 2013 National Probate Court Standard.

Senator Thatcher's statements from the 2016 legislative hearing are similarly irrelevant. Utah contends that the legislative history shows H.B. 101's asset limitation did not arise out of "improper targeting or animus." Utah Mot. at 4. Again, that would be of no moment even if true. The Plaintiffs need not show animus and did not raise it in their motion. There is no animus requirement for claims for injunctive relief under Title II of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act. *See Chaffin v. Kan. State Fair Bd.*, 348 F.3d 850, 850 (10th Cir. 2003) (noting that "in enacting the ADA . . . Congress prohibited a broad, comprehensive concept of discrimination, beyond discrimination motivated by a hostile discriminatory purpose."), *overruled on other grounds as recognized by Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 n. 4 (10th Cir. 2012); *Alexander v. Choate*, 469 U.S. 287,

---

[1] Although evidentiary rules such as hearsay do not operate to exclude evidence at the preliminary-injunction stage, evidence that is irrelevant as a matter of law cannot "materially assist" the Court's determination and should not be introduced at this late stage. *See Village of Logan*, 2013 WL 12151936 at *1.

2

296 (1985) (holding that the Rehabilitation Act was adopted not only to curb "conduct fueled by a discriminatory intent" but also to correct "the result of apathetic attitudes rather than affirmative animus."). Nor does procedural due process require animus under the *Mathews v. Eldridge,* 424 U.S. 319 (U.S. Feb. 24, 1976) framework. See *Carey v. Piphus*, 435 U.S. 247, 252 n. 6 (holding that suspended students suffered a procedural due process violation even though there was no evidence that school administrators acted "with the malicious intention to cause a deprivation of constitutional rights"). Thus, Senator Thatcher's statements are not relevant to any fact before the Court and will not materially aid any determination it will make. The Court should therefore deny Utah's request as to Senator Thatcher's statements as well.

### 2. **Utah Fails to Establish any Reason for Its Late Submission of this Evidence.**

The Court should also deny Utah's Motion because it is untimely. Courts in the Tenth Circuit deny motions such as Utah's when the movant "cites no reason why it could not have presented such evidence in a timely fashion that would have allowed [the opposing party] to address it . . . ." *Am. Civil Liberties Union of Kansas & W. Missouri v. Praeger*, 815 F. Supp. 2d 1204, 1216 (D. Kan. 2011). Utah's claimed justification to introduce the 2013 National Probate Court Standards is to respond to an argument DLC made before even filing suit, in a letter that it sent to Governor Herbert. The standards existed long before then. Utah cites nothing in this litigation—and certainly nothing filed after Utah's opposition brief—supporting its late attempt to supplement the record with these standards. Utah similarly cites nothing in the Plaintiffs' opening or reply briefs related to its irrelevant "animus" claim. It insinuates that the Plaintiffs did not raise until reply that H.B. 101 affects the poorest Utahns with disabilities, but that is false – the Plaintiffs expressly raised this statutory element in their complaint and opening brief.

3

(*E.g.*, Doc. 2 at ¶ 4 ("H.B. 101 targets the poorest Utahns with disabilities."); Doc. 8 at 5-6 (listing statutory criteria).)  Utah thus fails to explain why it could not have included this evidence with the opposition it filed on August 4 (Doc. 39).

### B.   Alternatively, the Court Should Consider the Entirety of the 2013 National Probate Court Standard at Issue Rather than Utah's Selected Excerpts.

Even if Utah's proffered evidence were timely and material to the Court's determination, the evidence remains defective because Utah has presented an incomplete picture of the facts it seeks to introduce.  Federal Rule of Evidence 106 provides that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."  Utah cites the Standard regarding appointment of counsel but omits the commentary on that standard.  This commentary contains important context explaining the Standard.  It notes, for example, that this standard expresses "the first alternative offered by the Uniform Guardianship and Protective Proceedings Act" and includes a footnote explaining the second alternative: "UGGPA Alternative 2 provides that the court shall appoint a lawyer unless the respondent is represented by counsel."  *See* Virgien Decl., Ex. A, 51.  This commentary continues by explaining that 25 states already require appointment of an attorney in guardianship cases and that, "[w]hen the respondent is unable to [pay] the cost of an attorney, the appointment should be at state expense."  *Id.*  To the extent that the 2013 National Probate Court Standard Utah cites is appropriate for the Court's consideration, the Court should not consider the Standard in isolation without the benefit of this context.  The appropriate version of the document, which includes both the Standard and the Commentary, is attached as Virgien Decl., Ex. A.

4

## CONCLUSION

For the foregoing reasons, Utah's Motion to Supplement the Preliminary Injunction Record should be denied. In the alternative, should the Court consider the National Probate Courts Standard Utah cites, it should consider the complete version rather than the version Utah submitted that omits the Commentary on the Standard at issue.

DATED:  October 6, 2017                LATHAM & WATKINS LLP


                                        /s/ Kyle A. Virgien

                                       Alfred C. Pfeiffer, Jr. (*pro hac vice*)
                                       Kyle A. Virgien (*pro hac vice*)
                                       Dorottya Schranz (*pro hac vice*)
                                       John H. Steinbach (*pro hac vice*)
                                       LATHAM & WATKINS LLP
                                       505 Montgomery Street, Suite 2000
                                       San Francisco, California  94111-6538
                                       Telephone:  415.391.0600
                                       Facsimile:  415.395.8095
                                       al.pfeiffer@lw.com
                                       kyle.virgien@lw.com
                                       dorey.schranz@lw.com
                                       john.steinbach@lw.com

                                       Claudia Center (*pro hac vice*)
                                       AMERICAN CIVIL LIBERTIES UNION FOUNDATION
                                       39 Drumm Street
                                       San Francisco, CA 94111
                                       Telephone:  415.343.0762
                                       Facsimile:  415.395.0950
                                       ccenter@aclu.org

                                       John Mejia (Bar No. 13965)
                                       Leah Farrell (Bar No. 13696)
                                       AMERICAN CIVIL LIBERTIES UNION OF UTAH FOUNDATION, INC.

355 N. 300 W.
Salt Lake City, Utah 84103
Telephone: 801.521.9862
Facsimile: 801.532.2850
aclu@acluutah.org


*Attorneys for Plaintiffs Disability Law Center, Katherine C., and Anthony M.*