DAVID N. WOLF (6688)
LAURA K. THOMPSON (6328)
ANDREW DYMEK (9277)
BRETT PETERSON (13330)
Assistant Utah Attorneys General
Utah Attorney General's Office
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@agutah.gov
E-mail: lathomps@agutah.gov
E-mail: adymek@agutah.gov
E-mail: brettmpeterson@agutah.gov

*Counsel for State of Utah*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DISABILITY LAW CENTER, KATHERINE C., AND ANTHONY M.<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF UTAH, THE UTAH JUDICIAL COUNCIL, and the UTAH ADMINISTRATIVE OFFICE OF THE COURTS<br><br>Defendants. | **REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT THE PRELIMINARY INJUNCTION RECORD**<br><br>Case No. 2:17-CV-00748-RJS<br><br>Judge Robert J. Shelby |

Defendant the State of Utah ("State"), through counsel, hereby submits its Reply Memorandum in Further Support of Motion for Leave to Supplement the Preliminary Injunction Record.

## INTRODUCTION

The Court should allow the State to supplement the preliminary injunction record as requested with (1) Standard 3.3.5 of the National Probate Court Standards, which governs the appointment of counsel in adult guardianship proceedings, and (2) the portion of House Bill 101's legislative history addressing the rationale behind its $20,000 asset limitation (collectively, the "supplemental evidence"). Plaintiffs do not and cannot contend that they would be prejudiced in the slightest if the Court considers the supplemental evidence. The supplemental evidence is modest in amount—under 5 pages total—and the hearing on Plaintiffs' motion for a preliminary injunction will not occur until November 1, 2017, which gives Plaintiffs ample time to consider the evidence and prepare a response. In fact, Plaintiffs have already formed a response: they assert, incorrectly, the supplemental evidence is irrelevant and oppose supplementation primarily on that basis.

Plaintiffs are mistaken. "Relevancy" is a low bar, one that is easily cleared by the supplemental evidence. The supplemental evidence is relevant to several questions before the Court, including the question of whether counsel must be appointed for potential wards in every case, and the question of whether H.B. 101 unlawfully discriminates against persons with disabilities. At the very least, the Court should defer ruling on the relevancy of the supplemental evidence until the hearing, when the factual and legal context is developed.

## ARGUMENT

### I. THE SUPPLEMENTAL EVIDENCE IS RELEVANT

The Court should not exclude the supplemental evidence on relevancy grounds, as Plaintiffs contend. Relevancy is a "very low standard." *United States v. Ballou*, 59 F. Supp. 3d

1038, 1076 (D.N.M. 2014). Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. The supplemental evidence is relevant.

### A.  *National Probate Court Standard 3.3.5*

National Probate Court Standard 3.3.5 ("Standard 3.3.5") is relevant to the central question in this case, i.e., whether counsel must be appointed for potential wards in every case. It is undisputed that Standard 3.3.5 answers this question, "No." In determining what weight to assign to this relevant evidence, the Court should note that, prior to their adoption, the National Probate Court Standards were vetted by several groups with expertise in probate and guardianship proceedings, including the membership of the "National College of Probate Court Judges, members of the Conference of Chief Justices and the Conference of State Court Administrators, . . . the American Bar Association Commission on Law and Aging, the National Council of Juvenile and Family Court Judges, the participants in the Third National Summit on Guardianship, and others." [Dkt. 63-1, p. 3].

Plaintiffs unpersuasively argue that this evidence is irrelevant because Plaintiffs offered it in another form (by reference in a letter to Governor Herbert attached to their motion) and for another purpose (to attempt to prove "Utah's notice of its statutory and constitutional violations"). [Dkt. 69, p. 3]. However, through these actions, Plaintiffs "opened the door" to this evidence. Having done so, Plaintiffs cannot prevent the State from using the evidence for any other relevant purpose. Further, the fact that Standard 3.3.5 does not adopt a categorical rule requiring counsel in all cases demonstrates that Plaintiffs failed to give Utah notice of "statutory

and constitutional violations" by referring to the National Probate Court Standards in their letter to Governor Herbert.  In other words, at the very least, the State should be permitted to introduce Standard 3.3.5 to rebut Plaintiffs' argument that they gave effective notice to Utah.

Notably, Plaintiffs undercut their already-weak relevancy arguments by arguing, in the alternative, that the Court should admit the comments to Standard 3.3.5.  Plaintiffs' argument in support of this further supplementation is unpersuasive, especially considering that Plaintiffs already quoted portions of the comments in their letter to Governor Herbert, which is already part of the preliminary judgment record.  Thus, Plaintiffs' proposed additional supplementation is cumulative and unnecessary, and should be denied.  It should also be denied because it violates the local rules.  DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum.").

### B.  *Legislative History (Senator Thatcher's comments)*

Likewise, the State should be permitted to supplement the record with Senator Thatcher's statements about H.B. 101 to the Utah Senate.  These statements are relevant to show that the $20,000 asset limitation in H.B. 101 was for the purpose of safeguarding the interests of prospective wards, and not for the purpose of unlawfully discriminating against them because of their disabilities or lack of assets.  For the reasons, the statements are also relevant for the purpose of refuting Plaintiffs' claims under the Americans with Disabilities Act ("ADA").  42 U.S.C. § 12132 (stating "no qualified individual with a disability shall, **by reason of such disability**, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.") (emphasis added).

Notably, in discussing H.B. 101's asset limitation, Plaintiffs candidly admit that "Plaintiffs need not show animus and **did not raise it in their motion**." [Dkt. 69, p. 2 (emphasis added)]. This candid admission is itself relevant because it is now clearly undisputed that the asset limitation was fueled by a discriminatory intent or discriminatory purpose. The undisputed absence of any discriminatory intent or discriminatory purpose behind H.B. 101's asset limitation, together with Senator Thatcher's comments concerning its beneficial purpose, makes it even clearer that it was before that H.B. 101 does not deny potential wards any benefit "by reason of [their] disability" within the meaning of ADA.

## II.   SUPPLEMENTATION IS APPROPRIATE AND NON-PREJUDICIAL

Plaintiffs also oppose supplementation on timeliness grounds. The Court should not exclude the supplemental evidence on this basis. The State was reasonably diligent in preparing its opposition to Plaintiffs' motion for a preliminary injunction. Despite this reasonable diligence, the State overlooked the supplemental evidence. When the State realized this oversight, the State acted promptly to supplement the record. Due to the State's prompt action, it is undisputed Plaintiffs will have had ample time to prepare to meet the supplemental evidence in advance of the November 1, 2017, hearing.

Finally, the State cannot leave unchallenged Plaintiffs' assertion that the State "*insinuates* that the Plaintiffs did not raise until reply that H.B. 101 affects the poorest Utahans with disabilities, but that is *false*." [Dkt. 69, p. 3 (emphasis added)]. Accusing one's opponent of making false insinuations or statements to the Court is a serious charge that the accuser should be prepared to back up. Plaintiffs cannot do so. For the record, the State did not insinuate or assert anything of the sort. The State did not even refer to Plaintiffs' reply in its motion to supplement.

## CONCLUSION

Based in the foregoing, the Court should grant the State's motion for leave to supplement the preliminary judgment record.

DATED: October 11, 2017.

OFFICE OF THE UTAH ATTORNEY GENERAL

/s/ Andrew Dymek
DAVID N. WOLF
ANDREW DYMEK
BRETT PETERSON
LAURA K. THOMPSON
Assistant Utah Attorneys General
*Counsel for State of Utah*
