DAVID N. WOLF (6688)
LAURA K. THOMPSON (6328)
ANDREW DYMEK (9277)
BRETT PETERSON (13330)
Assistant Utah Attorneys General
Utah Attorney General's Office
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
Facsimile: (801) 366-0101
E-mail: dnwolf@agutah.gov
E-mail: lathomps@agutah.gov
E-mail: adymek@agutah.gov
E-mail: brettmpeterson@agutah.gov

*Counsel for State of Utah*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DISABILITY LAW CENTER, KATHERINE C., AND ANTHONY M.<br><br>Plaintiffs,<br><br>v.<br><br>THE STATE OF UTAH, THE UTAH JUDICIAL COUNCIL, and the UTAH ADMINISTRATIVE OFFICE OF THE COURTS<br><br>Defendants. | STATE OF UTAH'S OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITIES<br><br>Case No. 2:17-CV-00748-RJS<br><br>Judge Robert J. Shelby |

Defendant State of Utah (the "State") submit its Opposition to Plaintiffs' Motion to Strike the State's Notice of Supplemental Authorities.

## INTRODUCTION

Plaintiffs, none of whom have participated in or are imminently subject to a guardianship proceeding, are seeking a status-quo disrupting statewide injunction designed to halt House Bill 101, which amended Utah's guardianship statute. In support of their request for sweeping preliminary injunctive relief, Plaintiffs invoked the Americans with Disabilities Act, Rehabilitation Act, and the Sixth and Fourteenth Amendments to the Federal Constitution,[1] and also broadly claimed, based on little or no controlling legal authority, that Utah's guardianship proceedings jeopardize various liberty interests of potential wards. All told, Plaintiffs' motion for a preliminary injunction and the State's motion to dismiss raise a spectrum of issues, including federal question jurisdiction, standing, sovereign immunity, and the extent to which a ward's liberty interests are jeopardized by a state guardianship proceeding. With this variety of issues, it is not surprising that some relevant and significant authorities were overlooked by both sides.

Anticipating situations such as this, the Court's local rules invite and liberally allow parties to inform the Court of pertinent and significant authorities after the close of briefing and even after oral argument. Such supplementation serves the salutary purpose of ensuring the Court has the benefit of all the authorities that may inform the Court's decision.

In compliance with the Court's local rules and in furtherance of their salutary purpose, the State filed its notice of supplemental authority three weeks *before* the Court's hearing on the pending motions. In addition to being timely, the State's notice includes authorities that are, in all respects, pertinent and significant, and in several instances, binding. It would disserve the

---

[1] After the close of briefing, Plaintiffs dismissed their Sixth Amendment claims.

interests of justice to disregard these authorities, as the Plaintiffs are requesting, especially when Plaintiffs have made no showing of undue prejudice.

The Plaintiffs' arguments in support of their motion to strike are incorrect. Contrary to Plaintiffs' principal argument, the State's notice does not contain arguments. And, although Plaintiffs also suggest that supplementation should be limited to new authorities, this suggestion is contradicted by the plain language of the local rules, which contain no such limitation.

Thus, Plaintiffs' motion to strike should be denied.

## ARGUMENT

The Court should not strike the State's notice of supplemental authorities (the "Notice") because it conforms to the governing local rule, DUCivR 7-1(b)(4) (the "local rule"). The local rule requires that the Notice (1) contain "pertinent and significant authorities," (2) be filed "before decision," (3) set forth citations to the supplemental authorities, (4) refer to "the page of the memorandum . . . to which the citations pertain," and (5) "state, without argument, the reasons for the supplemental citations." All these requirements are satisfied.

As for the *first* requirement, Plaintiffs do not and cannot dispute that authorities cited in the Notice are "pertinent and significant" to arguments previously raised by the State and Plaintiffs in their respective memoranda for the State's motion to dismiss and Plaintiffs' motion for a preliminary injunction. *See* DUCivR 7-1(b)(4) (stating that a party may supplement with "pertinent and significant" authorities). In fact, several of the supplemental authorities are from

the Tenth Circuit and the U.S. Supreme Court,[2] which means that they are not only "pertinent and significant," but also precedential and controlling.[3]

The *second* requirement is also satisfied. The Notice was filed not only before the Court's decision on the pending motions, but three weeks before the Court's hearing on the motions. Consistent with the ample advance notice provided, Plaintiffs do not argue that they will be unfairly prejudiced or surprised by the supplemental authorities.

Despite the plain language of the local rule's second requirement, Plaintiffs appear to suggest that supplementation should be limited to authorities decided after the close of briefing. [Mot. to Strike, Dkt. 71, at 2]. But Rule 7-1(b)(4) eschews Plaintiffs' suggested limitation, and allows the parties to supplement after briefing is complete so long as it occurs "before decision."

For an additional reason, Plaintiffs' suggested time limitation should not apply to the supplemental authorities pertinent to this Court's subject matter jurisdiction, *i.e.*, *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202–03 (10th Cir. 2012), and *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996). That is because questions of subjection matter jurisdiction may be raised at any time. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571, 124 SCt. 1920, 158 L.Ed.2d 866 (2004); Fed.R.Civ.P. 12(h)(3).

---

[2] The Utah statutes cited in the Notice likewise govern issues that are matters of state law (e.g., medical decision-making authority).

[3] Plaintiffs state that two of the cases (*Fish* and *Turner*) in the notice were previously cited. As is true with many cases, *Fish* and *Turner* set forth several propositions and holdings. The holdings from *Fish* and *Turner* set forth in the notice were not previously highlighted in the parties' memoranda. Even if this minor objection was technically correct, it would not justify striking the citations. The Court should consider these holdings and afford them whatever weight the Court deems appropriate.

There is no dispute that the *third* and *fourth* requirements are satisfied. The Notice includes citations to supplemental authorities, and identifies the pages of the memoranda to which the citations pertain.

Plaintiffs' objections focus primarily on the *fifth* requirement. In this regard, Plaintiffs allege that the Notice violates fifth requirement because the Notice supposedly "makes arguments about [the supplemental authorities] in parentheticals" and "amounts to an unauthorized surreply." [Mot. to Strike, Dkt. 71, at 2]. These assertions are incorrect.

Plaintiffs' use of parentheticals complies with the local rule. In fact, the local rule *requires* "citations" to the supplemental authorities, and a citation may include a parenthetical. *See The Bluebook: A Uniform System of Citation* R. 1.5, at 64 (Columbia Law Review Ass'n et al. eds., 20th ed.2016). More to the point, the parentheticals contain no arguments. Faithful to the local rule, the State abstained from argument and instead used accurate quotes or non-argumentative paraphrases in its parentheticals, for legitimate purpose of helping the Court pinpoint the relevant portions of the supplemental authorities.

Tellingly, Plaintiffs do not and cannot identify *anything* argumentative in the State's parentheticals, and the Notice looks nothing like a sur-reply memorandum. Thus, in substance and form, the Notice is not a sur-reply.

Even if the Notice contained any arguments, the proper remedy would be to disregard only the arguments, not to strike the Notice as a whole.[4] That drastic and unnecessary remedy

---

[4] *Ellis v. United States*, No. 2:16-CV-484-DAK, 2017 WL 2345562, at *3 (D. Utah May 30, 2017) (unpublished) (denying motion to strike notice of supplemental authority that included argument with the assurance that "court will only entertain arguments from the parties as they are properly brought before the court.").

would be contrary to the interests of justice.[5]  The supplemental authorities are all pertinent and significant---Plaintiffs do not and cannot say otherwise---and some are binding and precedential, and thus should be disclosed by the parties and considered by the Court.  *Accord* Utah R. Prof. Conduct 3.3(a)(b); Dkt. 11-1.  Especially given the absence of any showing of undue prejudice by Plaintiffs, the Court should consider the supplemental authorities in ruling on the pending motions.

## CONCLUSION

Based in the foregoing, Plaintiffs' motion to strike should be denied.

DATED:  October 27, 2017.

                OFFICE OF THE UTAH ATTORNEY GENERAL

                /s/ Andrew Dymek
                DAVID N. WOLF
                LAURA K. THOMPSON
                ANDREW DYMEK
                BRETT PETERSON
                Assistant Utah Attorney General
                *Counsel for State of Utah*

---

[5] *Duprey v. Twelfth Judicial Dist. Court, State of New Mexico*, No. CIV 08-0756 JB, 2009 WL 2951023, at *1 (D.N.M. Aug. 10, 2009) (stating that the "Court routinely permits parties to bring legal authority to its attention, and . . . the Court does not believe it is proper to disregard relevant law when deciding a motion") (unpublished).